Opinion issued November 17, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00276-CR

          01-10-00277-CR

———————————

DEANDRE
DENSON, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 174th District Court

Harris County, Texas



Trial Court Case Nos. 1136402 & 1136515

 



 

MEMORANDUM OPINION

          These are two appeals from judgments convicting appellant
Deandre Denson of aggravated
robbery[1]and
arson.[2]
 Denson plead guilty to both offenses and
waived a jury on punishment.  The trial assessed
punishment at life imprisonment for aggravated robbery and 60 years’ imprisonment
for arson.  The signed judgments stated that
the sentences were to run concurrently.

          The briefs submitted by Denson’s
court‑appointed counsel states his professional opinion that there are no
arguable grounds for reversal on appeal and that any appeal would, therefore, be
wholly frivolous.  See Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967).  Counsel’s briefs meet
the minimum requirements by presenting a professional evaluation of the record
and stating why there are no arguable grounds for reversal on appeal.  See
Broadnax v. State, 473 S.W.2d 468,
469 (Tex. Crim. App. 1971) (citing Gainous
v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969) (plurality op.)).  Denson has not filed pro se responses.  The State has waived its opportunity to file
briefs.

          When this Court receives an Anders brief from a defendant’s court‑appointed attorney who
asserts that an appeal would be wholly frivolous, we must determine that issue
independently by conducting our own review of the entire record.  Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is
“wholly frivolous”); Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
In conducting our review, we consider any pro se response that the
defendant files to his appointed counsel’s Anders
brief.  See Bledsoe v. State, 178
S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

          Our
role is limited to determining whether arguable grounds for appeal exist.  Id.
at 827.  If we determine that arguable
grounds for appeal exist, we must abate the appeal and remand the case to the
trial court to allow the court-appointed attorney to withdraw.  Id.  The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the
defendant wishes, allow the defendant to proceed pro se.  Id.  We do not rule on the ultimate merits of
issues raised by defendant in his pro se response.  Id.  If we determine that there are arguable
grounds for appeal, defendant is entitled to have new counsel address the
merits of the issues raised.  Id. 
“Only after the issues have been briefed by new counsel may [we] address
the merits of the issues raised.”  Id.

          If,
on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s
judgment by issuing an opinion in which we explain that we have reviewed the
record, determined that the appeal is wholly frivolous, and concluded there is no
reversible error.  See id. at 826.  The holding
that there are no arguable grounds for appeal is subject to challenge by a defendant
by a petition for discretionary review filed in the Court of Criminal
Appeals.  Id. at 827 & n.6.

          In
accordance with Anders, 386 U.S. at
744–45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826–27, we have reviewed the record and Denson’s appointed
counsel’s Anders briefs, and determine
that the appeals are wholly frivolous and conclude that no reversible error
exists.  Because the judgments
incorrectly state “APPEAL WAIVED.  NO
PERMISSION TO APPEAL GRANTED.”, we modify the trial court’s judgments to delete
that phrase.[3]  As so modified, we affirm the judgments.  See
Tex. R. App. P. 43.2(b).  We grant appellant’s appointed counsel’s
motions to withdraw.




 

          Appointed counsel still has a duty to (1)
send appellant a copy of the opinion and judgment in these cases, (2) notify appellant
of any upcoming appellate deadlines not previously disclosed (e.g., to file a
pro se motion for rehearing or petition for discretionary review), (3) inform appellant
that he may, on his own, file a pro se petition for discretionary review in the
Court of Criminal Appeals under Texas Rule of Appellate Procedure 68, and (4)
file with the Clerk of this Court within five days from the date of this
opinion the documents required by Texas Rules of Appellate Procedure 6.5(c) and
48.4.  See Bledsoe, 178 S.W.3d
at 827 & n.6; Ex Parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens
v. State, 35 S.W.3d 770, 771–72
(Tex. App.—Houston [1st Dist.] 2000, no pet.).

 

PER CURIAM

 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]        See Tex.
Penal Code Ann. § 29.03(a)(3) (West 2011) (trial‑court case number
1136402 and appellate case number 01‑10‑00276‑CR).

 





[2]        See Tex.
Penal Code Ann. 28.02(a)(2)(D), (E) (West 2011) (trial‑court case
number 1136515 and appellate case number 01‑10‑00277‑CR).

 





[3]        We note
that the two certifications of defendant’s right to appeal correctly reflect
that he has the right to appeal.  See Tex.
R. App. P. 25.2(d).